IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Suzanne R. Sneed, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-cv-02315-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Homebridge Mortgage Bankers Corp.; | ) | |
| Countrywide Home Loans, Inc.; | ) | |
| Stewart Title of California, Inc.; | ) | |
| Christopher L. Newton; Rock Hill | ) | |
| Real Estate Law Associates, LLC; | ) | |
| and, Powdersville Law Group, LLC, | ) | |
| f/k/a Danielson & Fuller-Kern | ) | |
| Law Group, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Rock Hill Real Estate Law Associates, LLC's ("Rock Hill") motion for summary judgment [Entry # 42] seeking dismissal of all causes of action against it. The court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §§ 1441(a) and (b), and 28 U.S.C. § 1367. After carefully considering the motions, the memoranda, the record and the applicable law, Rock Hill's motion is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out of the refinancing of a residential mortgage loan, and the closing of that transaction on August 4, 2006 in Greenville, South Carolina. Parties to the closing were Suzanne R. Sneed ("Plaintiff") as borrower and Defendants Homebridge Mortgage Bankers Corporation ("Homebridge") and Countrywide Home Loans, Inc. ("Countrywide") as lenders. The essence of Plaintiff's complaint is that she was not informed about the disbursements of the mortgage loan proceeds at issue in this case.[1]

The following facts are undisputed. Rock Hill's only activity associated with the matters alleged in Plaintiff's complaint was to provide an "Attorney's Certificate of Title" to a prospective title insurer with regard to property then titled in the names of James W. Sneed and Plaintiff. Rock Hill provided a legal opinion on the status of the title based on an abstract prepared by a third party. Once Rock Hill furnished the certificate of title to Defendant Stewart Title of California ("Stewart Title"), it had no further involvement in the matter. [Entry # 42-1, at 2]. Rock Hill did not participate in any loan closing with respect to this matter; it did not prepare any documents for a closing; it did not prepare a closing statement; and it did not attend any closing. *Id.* Rock Hill has no knowledge of what transpired in this matter once it issued its title opinion. *Id.*

---

[1] As to Defendants Christopher L. Newton ("Newton"), the closing attorney, and Powdersville Law Group, LLC ("PLG"), his law firm, Plaintiff contends that they failed to properly disburse or oversee the disbursements of the mortgage loan. However, on October 8, 2010, Plaintiff and Defendants Newton and PLG entered into a stipulation of dismissal [Entry # 62] as to all claims asserted by Plaintiff against Newton and PLG.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The central issue in a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11 (1983)). Moreover, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* at 249.

When a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). The non-moving party must show the existence of specific facts which give rise to a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. In addition, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

3

## LAW AND ANALYSIS

### I. Preference of Legal Counsel at Closing

Plaintiff argues that she was not given an opportunity to select an attorney to represent her in the loan closing conference in violation of S.C. Code Ann. § 37-10-102(a) (2009).[2] This section requires (in pertinent part) that,

> [w]henever the primary purpose of a loan that is secured in whole or part by a lien on real estate is for a personal, family or household purpose - **[t]he creditor** must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction . . . .

*Id.* (emphasis added). In this case, Rock Hill is not the creditor, and Plaintiff has not presented any evidence that Rock Hill was responsible for, organized or participated in the closing. Plaintiff's affidavit states that Defendant Newton contacted her and told her about the arrangements for the closing. [Entry # 51-2, at 3]. Plaintiff has presented no evidence that it was Rock Hill's duty to afford her an opportunity to select a closing attorney. The only evidence that Plaintiff presents that links Newton to Rock Hill is that PLG (for whom Newton worked as an attorney) hired Rock Hill

---

[2] Plaintiff cites three cases in her memorandum opposing summary judgment. Two of the cases interpret S.C. Code Ann. § 37-10-102(a), and in doing so establish holdings governing the conduct of mortgage lenders – not providers of title opinions. *See King v. American Gen. Finance, Inc.,* 386 S.C. 82, 89, 687 S.E.2d 321, 324 (2009) (holding that lenders must provide a borrower with an attorney preference disclosure "contemporaneously with the credit application."); *see also Davis v. Nations Credit Fin. Serv. Corp.*, 326 S.C. 83, 86, 484 S.E.2d 471, 472 (1997) (holding that "a lender substantially complies with § 37-10-102 if the borrower receives a clear and prominent disclosure of the statutorily required information"). The third case Plaintiff cites involves a commercial title company that, as the court found, illegally engaged in the practice of law in South Carolina. *See State v. Buyers Serv. Co.*, 292 S.C. 426, 427-31, 357 S.E.2d 15, 16-18 (1987). *Buyers Services* is distinguishable from the facts in the instant case for two reasons. First, unlike Rock Hill, Buyers Services Co. is not a law firm but is instead a title company. Second, Buyers Services Co. was intimately (and unlawfully) involved in the mortgage transaction and closing in that case. By contrast, Rock Hill merely provided a Certificate of Title in this case.

to prepare the title work. Plaintiff has presented no evidence to refute Attorney Johnson's affidavit that Rock Hill's responsibility was limited to the furnishing of a certificate of title. [Entry # 42-1, at 1]. In sum, Plaintiff has failed to meet her burden to present sufficient evidence to raise a genuine issue concerning whether Rock Hill, as the provider of the "Attorney's Certificate of Title," had a responsibility to ensure that she could choose her attorneys at closing and whether they failed to uphold that responsibility in violation of South Carolina law.

## II. Reliance

Plaintiff correctly argues that she should have been able to reasonably assume that a title is marketable if nothing adverse is reported. But, Plaintiff makes no claim that Rock Hill deviated from the standard of care in expressing an opinion as to the status of the title. Plaintiff also makes no claim that the title was not good and marketable. In fact, Plaintiff omits Rock Hill from claims she makes in her ninth cause of action – "Professional Malpractice." [Entry # 1-1, at 16]. She asserts this claim only against Defendants Stewart Title, Newton, and PLG. Most significant for summary judgment purposes, Plaintiff has not presented any evidence Rock Hill provided an erroneous or defective certificate of title. As a result, Plaintiff has failed to raise a genuine issue of material fact.

## III. Rock Hill's Liability Arising From Its Association With The Other Defendants

Plaintiff implies that all of the defendants, including Rock Hill, conspired to coerce her into accepting a mortgage with unsatisfactory terms. In her affidavit, Plaintiff states "[o]n information and belief, Defendant Stewart Title of California, Inc., Defendant Homebridge, Defendant Countrywide, PLG and Rock Hill were all working together regarding the mortgage loan which is the subject of this action." [Entry # 51-2, at 2]. Again, Plaintiff does not produce evidence that

5

Rock Hill's involvement extended beyond providing a certificate of title. Plaintiff may not oppose a motion for summary judgment by attempting to "build[] . . . one inference upon another . . " to attempt to prove that Rock Hill's involvement in the mortgage transaction was more extensive than the record before the court indicates. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)(citing *Barwick v. Celotex Corp*, 736 F.2d 946, 963 (4th Cir. 1984)). Furthermore, "information and belief" alone is insufficient to create an issue of fact that will defeat summary judgment. *See Minn. Mining & Mfg. Co. v. U.S. Rubber Co.,* 279 F.2d 409, 415 (4th Cir. 1960); *Cottom v. Town of Seven Devils*, 30 Fed. Appx. 230, 234 (4th Cir. 2002). The mere furnishing of an attorney's certificate of title to a title insurer, which the evidence reveals was Rock Hill's only role in this case, does not give rise to an inference of liability for the terms of the mortgage. "[W]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56 (e)(2). Despite the fact that Plaintiff filed her complaint in July 2009, she fails to meet this standard because she has engaged in no discovery with respect to Rock Hill designed to elicit facts in support of her claims.

**CONCLUSION**

For the reasons discussed above, the court **GRANTS** Rock Hill Real Estate Law Associates' motion for summary judgment.

**IT IS SO ORDERED**.

s/J. Michelle Childs
U.S. District Judge

October 14, 2010
Greenville, South Carolina